UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                           :
**ROBERT FREEMAN, ET AL.,**                :
                                           :
       **Plaintiffs,**           :         Civil Action No. 03-3140 (KSH)
                                           :
  **v.**                                   :
                                           :
**JAMES E. MCGREEVEY, ET AL.,**            :         **OPINION & ORDER**
                                           :
       **Defendants.**           :
_____:

    This matter having come before the Court by way of motion of the Garden State Wine Grower's Association to reconsider the Order dated, filed, and entered on June 15, 2011, denying its request to intervene in this case;

    and the Court having considered the June 15, 2011 Order, the record of proceedings, and the parties' submissions;[1]

    and the Court deciding this motion without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civ. R. 78.1 as the submission clearly sets forth the positions and the factual basis for the arguments;

    and a motion for reconsideration being governed by Local Civ. R. 7.1(i);

---

[1] In support of its motion, the movant argues that: (1) the Court overlooked the observations of the Court of Appeals for the Third Circuit in <u>Mountain Top Condominium Ass'n. v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 369 (3d Cir. 1995), that courts should "be reluctant" to deny a request to intervene as untimely; (2) it moved to intervene only on the issue of remedy within ten days of the issuance of the mandate; (3) no party will be prejudiced by its intervention and the Court made no findings of prejudice; and (4) its participation as amicus curiae will not sufficiently protect its interests because this status does not permit it to participate in settlement discussions or appeal.   (Mot. for Recons., Jun. 24, 2011, ECF No. 143)

1

and Local Civ. R. 7.1(i) providing for the reconsideration of an order if the motion for the same is filed within 14 days after entry of the disputed order;

and the docket reflecting that the Order was entered on June 15, 2011, and the motion for reconsideration was filed on June 24, 2011, and therefore the motion is timely;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003);

and a court may grant a properly filed motion for reconsideration for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice," Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v. Everson, Civ. No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the Court has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (citing former version of the rule);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through ─ rightly or wrongly," Ciba-Geigy Corp. v. Alza Corp., Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (citing Oritani Sav. &

Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993));

and because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); accord Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634 (D.N.J. 1997);

and the movant not arguing that there has been an intervening change in the law or that facts have been overlooked;

and the Court finding that the caselaw the movant asserts the Court overlooked does not warrant reconsideration;

and the Court further finding that allowing the June 15, 2011 Order to stand will not result in a manifest injustice;

and for the reasons set forth herein;[2]

---

[2] The Court finds no basis to reconsider the June 15, 2011 Order. First, the Court followed the analysis set forth in Mountain Top. The Court considered the conjunctive requirements of Rule 24 that must be satisfied for a party to intervene, Mountain Top, 72 F.3d at 366, concluded that the movant did not satisfy the timeliness element, and accordingly found no need to consider the other elements. (Order 2, Jun. 15, 2011, ECF No. 141.) As to the timeliness element, the Court considered, as suggested by Mountain Top, when the movant should have known its interests may be implicated by the decisions in this case. (See Order 2.) The movant failed to persuade the Court that it had good reason to assume that the state's interest completely paralleled the interests of in-state wine producers. The movant had sufficient information to conclude that its interests may not be represented by the parties long before the Court of Appeals issued its mandate. (Id.) Indeed, the Court of Appeals decision did not make the movant's entry suddenly appropriate, but rather confirms that no party represented the movant's interests even before the decision was rendered. Cf. Freeman v. Corzine, 629 F.3d 146, 160 (3d Cir. 2010) (noting that "[n]either defendant nor intervenors attempts to save the provisions of the ABC Law allowing in-state wineries to make direct sales to consumers and retailers"). Moreover, the in-state wholesalers were cognizant of this case and its impact on their

interests and sought intervention years earlier on the same facts available to the movant.  (See Mots. to Intervene, Sept. 13, 2005, Sept. 16, 2005, ECF Nos. 35, 37, 38, 40.)  Although the movant argues that the Court should "be reluctant" to deny intervention based upon untimeliness, Mountain Top also directs courts to consider "all the circumstances."  Mountain Top, 72 F.3d at 379 (quoting In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982)); accord NACCP v. New York, 413 U.S. 345, 366 (1973).  Having done so, the Court finds that the record shows the movant had sufficient information to take steps to participate long before the conclusion of the pretrial proceedings and appellate review but failed to act.  See NAACP, 413 U.S. at 367 (affirming denial of intervention where movants failed to protect their interests in a timely fashion when there was a "strong likelihood" of how the parties would act and it was thus incumbent upon them "to take immediate affirmative steps to protect their interests").

      Second, the movant fails to persuade the Court that allowing the movant to be heard as amicus curiae created a manifest injustice or an error of law.  The movant contends that amicus status inadequately protects the interests of in-state wine growers.  The posture of this case on remand, however, undercuts that argument.  The Court of Appeals found that the statutory scheme at issue to be unconstitutional and provided only two options for a proper remedy on remand.  Freeman, 629 F.3d at 164.  To remain consistent with that mandate, the chosen remedy must place in-state wine growers and out-of-state wine growers on equal footing through one of these two options.  See id. at 158–160.  As a result, the future briefs in this case, whether from a party or an amicus, must argue the merits and/or weaknesses of each option.  Because the Court will weigh those arguments whether they come from a party or an amicus, the interests that movant seeks to protect can be adequately represented in its amicus submission.

      Third, and relatedly, the alleged inability to participate in an appeal is belied by Halderman v. Pennhurst State Sch. & Hosp., 612 F.2d 131, 134 (3d Cir. 1979), where the Court of Appeals observed that proposed intervenors are not prejudiced even when they are denied intervention because they have been granted amicus status and thereby had an opportunity to present their views.

      Fourth, the movant's complaint that the Court did not address prejudice does not warrant reconsideration.  As the Court of Appeals has stated "the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."  Mountain Top, 72 F.3d at 370.  Notably, the movant never stated why the existing parties would not be prejudiced by its intervention.  (See Garden State Wine Grower's Ass'n Br. 16–17, Mar. 25, 2011, ECF No. 140.)  Although no party objected to the request to intervene, this does not mean that they would not be prejudiced by the tardy motion.  If the movant were permitted to intervene, it arguably may attempt to seek discovery or otherwise attempt to dictate the pace of the proceedings.  The movant's late action could delay the Court's and the parties' efforts to promptly address remedy.  The Court can ensure this does not occur by allowing the parties to proceed on the record established through the pretrial process and simultaneously preventing late-comers from disrupting an expeditious proceeding.  Thus, while intervention

---

could prejudice the parties, denying intervention does not prejudice the movant as the Court has provided an avenue for it to voice its concerns.   Therefore, the absence of prejudice to the movant in this case and potential prejudice to the overall proceedings by its last minute request to participate supports the decision to deny intervention.

      For these reasons, the movant has failed to show that the Court has overlooked controlling law, facts, or evidence or that a failure to reconsider the Order will result in a manifest injustice.   Therefore, the movant has failed to satisfy the requirements for reconsideration and the motion for reconsideration is denied.

and for good cause shown;

IT IS on this 14th day of July, 2011

ORDERED that the Garden State Wine Grower's Association's motion for reconsideration of portions of the Order dated June 15, 2011 denying its motion to intervene [Docket Entry No. 143] is denied.

                                  **/s/ KATHARINE   S. HAYDEN**
                                      **UNITED STATES DISTRICT JUDGE**