NOT FOR PUBLICATION

United States District Court
for the District of New Jersey

ROBERT FREEMAN, JUDY FREEMAN,
WALTER HANSEL WINERY, INC.,
MEYER FRIEDMAN, and BEVERLY
FRIEDMAN,
        *Plaintiffs*,

   v.

JERRY FISCHER, Director of the New Jersey
Division of Alcoholic Beverage Control,
        *Defendant*.

Civil No.: 03-3140 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

    The Court writes primarily for the parties, who are familiar with the facts and procedural background of this case.

    When the matter was last before the Court, at issue was the plaintiffs' motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b). [D.E. 166.] After determining that the plaintiffs were "prevailing parties" and that they were entitled to a fee award (*see* Fee Op. 1–18 [D.E. 179]), the Court examined the hours billed. Defendant Fischer attacked the reasonableness of the figure presented to the Court on several grounds. [D.E. 175.] The Court ultimately concluded that:

    1) The plaintiffs could recover for 322 hours billed for the appeal in C.A. Nos. 08-3268 and 08-3302 (*see* Fee Op. 20–24);

    2) Attorney Epstein's time entries were not unreasonably vague (*see* Fee Op. 24–28);

    3) Plaintiffs' billing was neither unreasonably duplicative nor excessive (*see* Fee Op. 28–29);

    4) Plaintiffs had not charged for impermissible activities (*see* Fee Op. 29–32); and

    5) Plaintiffs could be compensated for the time spent preparing a reply brief, albeit with a decrease in the time billed for writing the 17.5 page brief (*see* Fee Op. 32–33).

The Court also addressed arguments relating to the rates applicable to each group of attorneys, approving a $600/hour rate for Tanford, Epstein, and Redish, and a $285/hour blended rate for Lehn, Richards, Jones, and Cohen. (*See* Fee Op. 41–44.)

In its final form, the Court's lodestar calculation was based on: 1) the lead attorneys, at $600/hour, billed 1195.04 hours total, for a lodestar of $717,024; and 2) the blended-rate attorneys, at $285/hour, billed 162.8 hours total, for a lodestar of $46,398. The combined lodestar was $763,422, and the Court found unconvincing defendant Fischer's argument that this figure was unreasonable. (*See* Fee Op. 44–46.) The Court also awarded $38,799 in expenses and travel time. The sum total came to $802,221. (*See* Fee Op. 46–47.)

On appeal, the Third Circuit affirmed in part and vacated in part as follows:

> The District Court did not have authority to grant compensation to Appellees for (1) the prior appeal or time spent litigating the *Yaron* issue, (2) work done solely on behalf of Oliver Winery, (3) work done in support of Appellees' unsuccessful effort to substitute Chateau Thomas Winery for plaintiff Hansel Winery, and (4) time spent seeking additional plaintiffs.

*Freeman v. Dir. of the N.J. Div. of Alcoholic Beverage Control*, 538 F. App'x 204, 208 (3d Cir. 2013). The Circuit remanded the matter to this Court "to enter judgment in the amount of the reduced award." *Id.* Other aspects of this Court's judgment, such as the blended-fee determination, were not affected.

Presently before the Court is plaintiffs' unopposed motion to reopen the case and enter an amended fee award in the amount of $574,925. [D.E. 186.] The new figure was calculated in two steps: first, plaintiffs have subtracted $186,136, the amount requested in the fee application

presented to the Circuit in C.A. Nos. 08-3268/08-3302 (which has been attached to this Court's docket at D.E. 187); and second, they have subtracted the amounts pertaining to the *Yaron* issue, work done on behalf of Oliver Winery, time devoted to the unsuccessful attempt to substitute Chateau Thomas Winery, and efforts to locate additional plaintiffs, which added up to $41,160. The calculations are amply supported by affidavits pertaining to the time spent on each issue for which fees and costs should not have been awarded, referencing the original time sheets and schedules attached to the plaintiffs' amended motion for attorneys' fees [D.E. 166] and reply [D.E. 178].

On careful review of plaintiffs' calculations, the Court notes that the subtracted amount of $186,136 was based on a blended rate of $275 per hour proposed to the Third Circuit, whereas on remand the Court used a blended rate of $285 per hour. The amount to be subtracted, then, is $186,264, which brings the net award lower (by $128) to $574,797, slightly below the figure requested by the plaintiffs, but one in accord with this Court's previous decision.

The Third Circuit left undisturbed the remainder of this Court's rulings from the original fee opinion, and defendants have lodged no new objections to the plaintiffs' motion. Having examined the plaintiffs' submissions and finding (with the exception noted above) that the reductions are accurate,[1] the Court reopens this case for the entry of judgment in the amount of the reduced award.   An appropriate order will be entered.


April 21, 2014                                                      /s/ Katharine S. Hayden
                                                                    Katharine S. Hayden, U.S.D.J.

---

[1] Plaintiffs' detailed record-keeping and foresight in segregating billing and records relating to specific issues such as the contested *Yaron* issue served them and the Court in good stead.